IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:08cv448

| | |
|---|---|
| PAULA M. B. SANDERS; and <br> SHELTON SANDERS, <br><br> Plaintiffs, <br><br> Vs. <br><br> COUNTRYWIDE HOME LOANS, INC., <br><br> Defendant. | MEMORANDUM AND <br> RECOMMENDATION |

**THIS MATTER** is before the court on defendant's Motion to Dismiss. Inasmuch as plaintiffs are proceeding *pro se*, the court entered an Order on January 5, 2009, advising plaintiffs that a Motion to Dismiss had been filed, that they were required to file a written response, and explaining the requirements of Rule 9(b) and 12(b)(6), Federal Rules of Civil Procedure. See Order, Docket Entry #5, at 1. The court specifically advised that "[i]n responding to the motion to dismiss, plaintiffs must show that they have made sufficient allegations under Rule 9(b) and that they have stated a cause of action recognized by law." Id. That same day, plaintiffs filed their response which contains no argument other than that the defendant "has failed to provide the requested paperwork to prove that they . . .own the plaintiff's [*sic*] mortgage note." Response, Docket Entry #6, at 1. Plaintiffs have attached several documents, none of which are relevant to the issue now before the court.

# FINDINGS AND CONCLUSIONS

## I. Background

The following facts are drawn from the Complaint. On July 30, 2004, plaintiffs Paula M.B. Sanders and Shelton Sanders (hereinafter "Plaintiffs") purchased a house located at 9635 Veronica Drive in Charlotte, North Carolina (hereinafter the "Property"). Plaintiffs executed an Interest Only Adjustable Rate Note (hereinafter the "Note"), pursuant to which they borrowed the sum of $136,500. Id., at Ex. M. The Note contains an adjustable interest rate feature, pursuant to which the interest rate on plaintiffs' loan may change every six months beginning August 1, 2007, but can never be greater than 16.375 percent *per annum*. Id., Ex. M, at §§ 2 & 4. Plaintiffs are required to make monthly payments on their loan, and payments are applied to interest before principal. Id., Ex. M, § 3. The Note is secured by a first-priority Deed of Trust. Id., Claim, at ¶ 5.

On September 30, 2008, plaintiffs filed a this Complaint against defendants. The plaintiffs appear to concede in their Complaint that they are in default on their loan obligation, but make almost no factual allegations, and plaintiffs assert claims that do not make any sense. While the Complaint contains words such as "fraud," "predatory lending," "usury," "punitive damages," and "deceptive trade practices," these legal terms are unsupported by any factual allegations from which such legal conclusions could be drawn.

Reading the Complaint in the most liberal sense, plaintiffs may be claiming that:

(1) defendant committed fraud by failing to provide plaintiffs with evidence of its permission to conduct business in North Carolina;

(2) defendant failed to respond to an eighteen-page document containing legal jargon, see id., at Counts One and Two, and Ex. A; and

(3) their loan carries an interest rate greater than that permitted by North Carolina law and therefore is usurious. Id., Claim, at ¶ 1.

Defendant has moved to dismiss under Rule 12(b)(6), arguing that plaintiffs have failed to state any cognizable claim against them and that plaintiffs have failed to plead fraud with the required specificity.

## II. Applicable Standard

### A. Rule 12(b)(6) Standard

Where a defendant contends that a plaintiff has failed to state a cognizable claim, Rule 12(b)(6) authorizes dismissal based on a dispositive issue of law. Neitzke v. Williams, 490 U.S. 319, 109 S.Ct. 1827, 1832 (1989); Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley v. Gibson, 355 U.S. 41 (1957). As the Court discussed in Neitzke:

> This procedure [for dismissal], operating on the assumption that the factual allegations in the complaint are true, streamlines litigation by dispensing with needless discovery and fact finding. Nothing in Rule 12(b)(6) confines its sweep to claims of law which are obviously insupportable. On the contrary, if as a matter of law "it is clear that no relief could be granted under any set of facts . . . a claim must be dismissed, without regard to whether it is based on outlandish legal theory . . . . What Rule 12(b)(6) does not countenance are dismissals based on a judge's disbelief of a complaint's factual allegations."

Id., at 1832 (citation omitted). Dismissal of a complaint is proper under Rule 12(b)(6)

where it is clear that no set of facts consistent with the allegations in the plaintiffs' complaint could support the asserted claim for relief. Taubman Realty Group LLP v. Mineta, 320 F. 3d 475, 479 (4th Cir. 2003); Migdal v. Rowe Price-Fleming Intl Inc., 248 F. 3d 321, 325-36 (4th Cir. 2001). However, the Court recently held that the "no set of facts" standard first espoused in Conley, supra, only describes the "breadth of opportunity to prove what an adequate complaint claims, not the minimum adequate pleading to govern a complaint's survival." Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

While the court accepts plausible factual allegations in the complaint as true and considers those facts in the light most favorable to a plaintiff in ruling on a motion to dismiss, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkt.'s Inc. v. J.D. Assoc.'s, LLP, 213 F. 3d 175, 180 (4th Cir. 2000).

> The presence of a few conclusory legal terms does not insulate a complaint from dismissal under Rule 12(b)(6) when the facts alleged in the complaint cannot support the legal conclusion. And although the pleading requirements of Rule 8(a) are very liberal, more detail often is required than the bald statement by plaintiff that he has a valid claim of some type against defendant. This requirement serves to prevent costly discovery on claims with no underlying factual or legal basis.

Migdal, at 326 (citations and internal quotations omitted). In addition, a court cannot "accept as true allegations that contradict matters properly subject to judicial notice or by exhibit." Venev v. Wyche, 293 F. 3d 726, 730 (4th Cir. 2002) (citations and internal quotations omitted). For the limited purpose of ruling on defendant's

4

motions, the court has accepted as true the facts alleged by plaintiff in the complaint and will view them in a light most favorable to plaintiff.

### B. Rule 9(b) Standard

When pleading fraud, the notice pleading requirements are inapplicable and special rules of pleading come into play. Rule 9(b), Federal Rules of Civil Procedure, provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition[s] of mind of a person may be averred generally.

The specificity required in claiming fraud is an exception to the provisions of notice pleading found in Rules 8(a),(e), and (f), Federal Rules of Civil Procedure. See also N.C. Gen. Stat. Chapter 1A-1, Rule 8. The general rule that pleadings are to be given liberal construction does not apply to claims of fraud. Rosenthal v. Perkins, 42 N.C. App. 449 (1979).

Because review is limited to the face of the pleadings and accompanying attachments, factual support outside of the record may not be considered and is treated as if it does not exist. A plaintiff must be particular as to the facts upon which its claim of fraud arises. Hoyle v. Bagby, 253 N.C. 778 (1961). An allegation which merely states that the acts specified constituted fraud is conclusory. Patuxent Development Co. v. Bearden, 227 N.C. 124 (1947). Conclusory allegations of fraud are insufficient to meet the requirement of particularity. Smith v. Central Soya of Athens, Inc., 604 F. Supp. 518 (1985). The issue becomes whether proof of the facts as alleged in the Complaint would entitle the plaintiffs to relief. Brooks Equipment

& Mfg. Co. v. Taylor, 230 N.C. 680 (1949). Reliance on discovery to support a claim of fraud is inappropriate. "A plaintiff must know about what he is complaining before he files [a] suit [claiming fraud]." McFarland v. Memorex Corp., 493 F. Supp. 631, 656 (N.D. Cal. 1980). The district court's opinion in McFarland dovetails with the requirement of Rule 9(b) that "the circumstances constituting fraud or mistake shall be stated with particularity." Rule 9(b), Fed. R. Civ. P. To allow otherwise would be to encourage actions for fraud based on "information and belief" rather than hard facts and firsthand knowledge.

### III. Discussion

#### A. Authority to Conduct Business in North Carolina Claim

In the first claim identified by the court, plaintiff appears to contend that defendant violated Chapter 55B-16 of the North Carolina General Statutes by:

> enter[ing] into a[n] alleged contract in the State of North Carolina … without providing [Plaintiffs] with copies of [its] certificate issued by the Secretary of State granting permission to conduct business in the State as a Foreign Corporation.

Complaint, Count One. Plaintiffs also claim that this alleged failure constitutes fraud. Id.

Chapter 55B of the North Carolina General Statutes is entitled "The Professional Corporation Act" and, as the name suggests, applies only to "professional corporations." N.C.Gen.Stat. § 55B-1 *et seq.* Clearly, a mortgage lender is not within the definition of licensed professional corporations found in the statute. N.C.Gen.Stat. § 55B-2(5). Review of the Complaint reveals no factual allegations that would support a conclusion that defendant is a professional corporation within

6

the North Carolina Professional Corporation Act.[1]  The undersigned will, therefore, recommend that plaintiffs' claim under the North Carolina Professional Corporation Act be dismissed[2] along with any claim for unfair and deceptive trade practices that could stem from such claim.

**B.     Fraud**

The essential elements of a claim of fraud by misrepresentation are: (1) a false representation or concealment of a material fact, (2) that was reasonably calculated to deceive, (3) which was made with the intent to deceive, (4) that did in fact deceive, and (5) resulted in damage. Jolly v. Acad. Collection Serv., 400 F.Supp.2d 851 (M.D.N.C. 2005). To satisfy the specificity requirements of Rule 9(b), it is plaintiffs' obligation to plead the time, place, and contents of the false representations, as well as the identity of the person making the representation and what such person obtained unlawfully thereby.

In order to plead fraud by omission, a plaintiff must allege the following:

---

[1]     Even if the NCPCA applied to defendant, there is no requirement under the NCPCA, as plaintiffs suggest, that a professional corporation provide a copy of its certificate authorizing it to conduct business to its clientele. N.C.Gen.Stat. 55B-16.  Likewise, there is no requirement under the North Carolina Business Corporation Act that a corporation governed by such chapter produce to its customers a copy of its certificate. N.C.Gen. Stat. 55-15-01(a).  The only requirement is that a foreign corporation <u>obtain</u> a certificate of authority from the Secretary of State. Id.

[2]     The court notes that defendant is, in fact, authorized to conduct business in the State of North Carolina for over 25 years.  See Defendant's Ex. A. The court may take judicial notice of such public records maintained by the State of North Carolina without converting a motion to dismiss into one for sumamry judgment

> (1) the relationship or situation giving rise to the duty to speak, (2) the event or events triggering the duty to speak, and/or the general time period over which the relationship arose and the fraudulent conduct occurred, (3) the general content of the information that was withheld and the reason for its materiality, (4) the identity of those under a duty who failed to make such disclosures, (5) what those defendant(s) gained by withholding information, (6) why plaintiff's reliance on the omission was both reasonable and detrimental, and (7) the damages proximately flowing from such reliance.

Breeden v. Richmond Community College, 171 F.R.D. 189, 195 (M.D.N.C. 1997) (citations omitted).

In this case, plaintiffs allege that defendants failure to provide them with a copy of its certificate of authority constitutes fraud. Complaint, Count One. When such allegation is considered in the context of the pleading requirement for either type of fraud, the deficiency is apparent: defendant simply had no duty to provide plaintiffs with a copy of its certificate of authority. Without a duty, there can be no fraud. Plaintiffs fail to allege any facts that would support "the relationship giving rise to the duty to speak" or "the event or events triggering the duty to speak." Because defendant had no duty as a matter of law, plaintiffs cannot allege facts supporting a duty to speak.

It appearing that plaintiffs' fraud claim fail to meet the requirements of Rule 9(b), the undersigned will recommend that this claim be dismissed under Rules 9(b) and 12(b)(6).

### C. Failure to "Validate Debt" and "Answer Exhibits"

In Counts Two plaintiff has asserted claims which simply do not exist as a matter of law. Plaintiffs state that they are "requesting the Defendant to validate the

debt and to answer Exhibits A-G." They do not identify the statute, law, or contractual obligation that would require the defendant to do what they request or, for that matter, would give the court authority to order defendant to do as plaintiffs request. The undersigned will recommend that this claim be dismissed under Rule 12(b)(6).

### D. Confusion

In their third cause of action, plaintiffs appear to assert a cause of action based on their "confusion." Plaintiffs state: "The Plaintiffs are confused as to Countrywide Home Loans [*sic*] ownership of the mortgage." This does not state a cause of action and the undersigned will recommend that this claim be dismissed under Rule 12(b)(6).

### E. Breach of Contract

In Count Four, plaintiffs appear to bring a claim for breach of contract, alleging that defendant "did not perform as agreed under the alleged contract" because it did not "collect[] and apply[] payments in a reasonable manner."

This claim fails because plaintiffs have failed to allege how the defendants collected and applied payments outside the terms of the Note which they attached to their Complaint. The Note provides:

> Before the First Principal and Interest Due Date as described in Section 4 of this Note, my payment will consist only of the interest due on the unpaid principal balance of this Note. Thereafter, I will pay principal and interest by making a payment every month as provided below.
> I will make my monthly payments of principal and interest beginning on the First Principal and Interest Payment Due Date as described in Section 4 of this Note. I will make these payments every month until I have paid all of the principal and interest and any other

9

charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date, and if the payment includes both principal and interest, it will be applied to interest before Principal.

Complaint, Exhibit M, § 3. Thus, the Note is clear about how payments will be applied: first to any unpaid interest, then to principal. Id.

Plaintiffs' allegation that the Note required defendant to collect and apply payments in a "reasonable" manner is an allegation contradicted by the express language of the Note, which plaintiffs annexed to their Complaint. Under Twombley, to survive Rule 12(b)(6) scrutiny, the claims must at a minimum be "plausible." Id.

In construing the Complaint, it would appear that plaintiffs have mixed into their common law claims a good deal of the law of the Uniform Commercial Code. To the extent plaintiffs purport to assert a claim for breach of the implied duty of good faith and fair dealing - -which is found in the UCC - - that attempt must also fail. Although the implied duty of good faith and fair dealing generally is implied for all contractual provisions, this duty "cannot be relied upon to override the express terms" of a contract. Keating v. Baskin-Robbins USA, Co., 2001 WL 407017, at *10 (E.D.N.C. March 27, 2001).[3] There simply can be no breach of contract where defendants do precisely what they contracted to do, and plaintiffs simply cannot substitute an implied duty for an express term of the contract. Plaintiffs have failed to allege that defendant failed to do exactly what the contract obligated it to do in

---

[3] Due to the limits of Electronic Case Filing, a copy of such unpublished decision is placed in the electronic docket through incorporation of the Westlaw citation.

application of payments first to interest then to principal.

The allegation that defendant was to apply plaintiffs' payments in a reasonable manner when the Note specifically provided the method for payment application makes plaintiff's claim implausible as a breach of contract could not be proved on such facts; therefore, the court must recommend that plaintiffs claim for breach of contract be dismissed in accordance with Rule 12(b)(6). See Thompson v. Illinois Dept. of Professional Regulation, 300 F.3d 750, 754 (7th Cir. 2002).

### F. Usury

Reading the Complaint in a light most favorable to plaintiffs, it appears that they may be claiming that the loan they entered into with defendant was usurious. See Complaint, Claim. Such a claim would, however, fail as a matter of law because North Carolina law expressly permits the interest rate charged on plaintiffs' mortgage loan. Chapter 24 of the North Carolina General Statutes, entitled "Interest," governs the rates of interest that can be charged under North Carolina law. N.C.Gen.Stat. § 24-1 *et seq.* N.C. Gen. Stat. § 24-1.1A governs the rates of interest that may be charged on home loans secured by first mortgages or first deeds of trust, such as the loan obtained by plaintiffs in July 2004. It provides, in pertinent part:

> Parties to a home loan may contract in writing as follows: Where the principal amount is ten thousand dollars ($10,000) or more the parties may contract for the payment of interest as agreed upon by the parties.

N.C.Gen.Stat. § 24-1.1A(a)(1). The Note executed by plaintiffs in July 2004, pursuant to which they borrowed the sum of $136,500, contains an adjustable interest rate feature. Complaint, Exhibit M. The promissory note sets forth that the interest rate on

**11**

plaintiffs' loan may change every six months beginning August 1, 2007, but can never be greater than 16.375 percent per annum, and provides that monthly payments are applied first to interest, then to principal.  Id.  Such note fully complies with N.C. Gen. Stat. § 24-1.1A(a)(1), which allows parties to "contract for the payment of interest as agreed upon by the parties."

It appearing that plaintiff's claim for usury is defeated by the terms of the Note it attached to its Complaint, making such a claim under Twombley implausible, plaintiffs' usury claim must be dismissed under Rule 12(b)(6) and the undersigned will so recommend.

## RECOMMENDATION

**IT IS, THEREFORE, RESPECTFULLY RECOMMENDED** that defendant's Motion to Dismiss (#3) be **ALLOWED** and that this action be **DISMISSED** with prejudice for the reasons above stated.

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **ten** (**10**) days of service of same.  Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).

Signed: March 2, 2009

/s/ Dennis L. Howell
Dennis L. Howell
United States Magistrate Judge